# FRESNO CANAL AND IRRIGATION COMPANY v. McKENZIE et al.[*]

## S. F. No. 1773; June 15, 1901.

### 65 Pac. 473.

**City Treasurer—Payment of Claim—Misconduct.**—Where a decree of a court having jurisdiction directed a city treasurer to pay a certain claim against the city, such decree was a complete defense to an action to charge him with official misconduct in having paid the claim.

---

[*]For subsequent opinion in bank, see 135 Cal. 497, 67 Pac. 900.

City Treasurer—Payment of Claim.—Where Judgment had Been Rendered for plaintiff in an action against a city treasurer and board of trustees to compel payment of a claim against the city, such judgment was sufficient to justify the treasurer in paying the claim, though the trustees refused to approve it, or issue a warrant thereon.

City Treasurer—Payment of Claim.—Where a City Treasurer, acting under a judgment, paid a claim against the city, such judgment was admissible in evidence as justification in an action charging him with official misconduct in having paid the claim.

APPEAL from Superior Court, Fresno County; J. R. Webb, Judge.

Action by the Fresno Canal and Irrigation Company against W. H. McKenzie and another. From a judgment in favor of defendants and from an order denying a motion for a new trial plaintiff appeals. Affirmed.

Frank H. Short for appellant; E. D. Edwards and W. C. Graves for respondents.

McFARLAND, J.—This is an action to recover $1,200 damages for alleged official misconduct by defendant McKenzie, as treasurer of the city of Fresno. The defendant James is sued as a surety on McKenzie's official bond. Judgment went for defendants in the court below, and plaintiff appeals from the judgment and from an order denying a new trial.

The alleged misconduct consists in the refusal by McKenzie to pay a certain warrant for $1,200 drawn on him by the city clerk, and payable out of the sewer fund of said city, and in paying to another person money of said fund, which, as plaintiff claims, should have been paid to plaintiff on said warrant. There is not much difference between the parties as to the facts. Plaintiff's grantor, McMurtry, during the years 1893 and 1894, had a contract with the city of Fresno for furnishing water for flushing the sewers of the city, for which he was to be paid $400 per month out of the sewer fund. He filed with the clerk of the city his demand under this contract for $1,200, alleged to have been due and unpaid for the months of October, November and December, 1893; and afterward, and prior to January 22, 1897, he assigned the contract and the said demand to plaintiff. On said January 22, 1897, the board of trustees of the city allowed and

approved said demand, and directed the clerk to draw a warrant on McKenzie against the sewer fund in plaintiff's favor for the amount of said demand. Such warrant was drawn on said twenty-second day of January, and on the same day was presented to the defendant McKenzie, who refused to pay it. However, one McBean had a contract with the city for taking care of its sewage for $4,900 per annum, payable quarterly, which contract also covered the years 1893 and 1894. The city had refused to pay him for the fiscal year 1893–94, upon the ground that the contract was illegal; and on the twenty-fifth day of June, 1894, he had commenced an action in the superior court against the city and the present defendant McKenzie to enforce payment of the amount due on the contract. At the commencement of his action he obtained an injunction restraining McKenzie from paying out the money in the sewer fund. McBean was defeated in the lower court, but on appeal to this court the judgment was reversed, and it was declared here that his contract was not illegal, and that he was entitled to recover the amount due thereon: McBean v. City of Fresno, 112 Cal. 159, 53 Am. St. Rep. 191, 31 L. R. A. 794, 44 Pac. 358. After the remittitur went down, and on August 13, 1896, the superior court rendered and entered judgment in favor of McBean against the city for $4,900, and decreed that it should be paid "out of any moneys now in the sewer fund of the city of Fresno for the year ending June 30, 1894"; and that "the treasurer of said defendant city of Fresno pay over to the said plaintiff any money now in his hands or subject to his control as such treasurer, or that may hereafter come into his hands or under his control as such treasurer, belonging to the sewer fund, for the fiscal year ending June 30, 1894, or out of any other money that may come into his hands or under his control of the sewer fund of said year as such treasurer, available therefor, and not otherwise appropriated." McBean, prior to the allowance of plaintiff's demand as hereinbefore stated, presented a certified copy of his judgment to the board of trustees, and demanded that it should be audited and allowed; but the board denied the demand, and afterward, notwithstanding said judgment, and disregarding the same, allowed plaintiff's demand as aforesaid. At the time of the entry of the judgment there was in the sewer fund for the fiscal year 1893–94 $2,603.75, and no more, and, upon the presentation

of the said judgment in favor of McBean, McKenzie paid to him the said sum of money. The judgment was presented to McKenzie prior to the presentation to him of the said warrant in favor of plaintiff.

The judgment appealed from is right. Where there are several holders of claims against a municipal corporation, each claim being payable only out of the municipal revenues of a certain year, and those revenues being insufficient to satisfy all the claims, no doubt, under our law on the subject as it now stands, creditors may be somewhat embarrassed, as was noted in Weaver v. San Francisco, 111 Cal. 319, 43 Pac. 972; but in the case at bar the question is whether or not McKenzie, as treasurer, was guilty of such official misconduct or malfeasance as made him liable to plaintiff in damages. The general rule undoubtedly is that the mandate of a court having jurisdiction in the premises protects the officer who obeys it, and we see nothing in the case at bar which takes it out of that rule. The force of the judgment is sought to be lessened by the suggestion that it refers only to moneys in the sewer fund ''not otherwise appropriated''; but, even if that expression can be construed as qualifying all preceding clauses, and as embracing ''any money now in his hands,'' still there is no ground for contending that the money decreed in the judgment to be paid by the treasurer to McBean had been theretofore ''otherwise appropriated.'' There is nothing in the proposition that, although the trustees and the treasurer had defended the action brought by McBean, and judgment had been rendered in his favor, still such judgment was worthless unless the trustees should afterward ''approve'' it, and order a warrant to issue for its payment. All the opposition which the defendants in that action could make to McBean's demand was ended by the judgment, which was a judicial adjudication that the treasurer should pay that demand. The final arbiter was the court, not the trustees. Indeed, the ordinance itself, which provides for the auditing of demands and their payment on warrants, contains the clause, ''except as otherwise by law provided.'' The contention of appellant that the court erred in allowing the introduction in evidence of the judgment-roll in the McBean case is, of course, under the above views, not maintainable. It could not have been rightfully excluded on the ground that appellant was not a party to that action. The respondent

had the right to introduce the judgment under which he justified his action, and the question is whether he was guilty of official misconduct in obeying it. The judgment and order appealed from are affirmed.

We concur: Henshaw, J.; Temple, J.